IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-519-DWD |
| | ) |
| AIR & LIQUID SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On May 28, 2021, Defendant ViacomCBS, Inc.[1] ("Westinghouse") removed this asbestos liability action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois to this Court asserting "federal officer" jurisdiction under 28 U.S.C. § 1442(a)(1) (Doc. 1). Now before the Court is Plaintiff Timothy Murphy's Motion for Remand Pursuant to 28 U.S.C. § 1447 (Doc. 20) to which Defendant Westinghouse responded (Doc. 34; Doc. 37). For the following reasons, the Court **GRANTS** the motion.

## Background

On February 2, 2021, Plaintiff filed a lawsuit against Westinghouse and thirty-seven other defendants[2] in the Circuit Court for the Twentieth Judicial Circuit, St. Clair

---

[1] ViacomCBS Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation

[2] Plaintiff's original complaint named the following Defendants: Air and Liquid Systems, Inc., Alfa Laval, Inc., A.O. Smith Water Products Company, Armstrong International, Inc., Armstrong Pumps, Inc., Aurora Pump Company, BW/IP International, Carrier Corporation, CBS Corporation, Crane Co., Electrolux Home Products, Flowserve US, Inc., as successor-in-interest to Durametallic Corporation, FlowServe US, Inc., solely as successor to Rockwell Manufacturing Company Edward Valves, Inc., Nordstrom valves, Inc. and Vogt Valve Company, FMC Corporation, Foster Wheeler, LLC, Gardner Denver, Inc., General Electric Company, Goodyear Tire & Rubber Co., Goulds Pump, LLC, Grinnell LLC, Imo Industries, Inc., ITT, LLC,

County, Illinois (Doc. 1-1; Doc. 20-2).  Westinghouse was served with the Complaint on February 22, 2021 (Doc. 20-5).  Plaintiff asserts, *inter alia*, products liability and negligence claims for injuries that Plaintiff allegedly suffered from exposure to Defendants' asbestos-containing products (Doc. 1-1; Doc. 20-2).

In his complaint, Plaintiff specifically alleges that he developed asbestosis on or about March 20, 2018 (Doc. 1-1, ¶ 7).  Plaintiff asserts that he served as a machinist's mate in the U.S. Navy aboard the U.S.S. Frank E. Evans (DD754) from 1965 to 1968 (Doc. 1-1, ¶ 1), and he "was exposed to asbestos while working in the engine room and maintaining, cleaning, and operating engine room equipment aboard the U.S.S. Frank E. Evans" (Doc. 1-1, ¶ 1).  Plaintiff alleges that he "was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the each of the above named Defendants." (Doc. 1-1, ¶ 2).  On April 15, 2021, Plaintiff filed an amended complaint adding Defendant General Dynamics Corporation (Doc. 20-6).  The amended complaint contained the same allegations as the original complaint (Doc. 20-6).

On March 18, 2021, Westinghouse filed a Motion to Dismiss asserting a lack of personal jurisdiction (Doc. 20-3).  In its Motion, Westinghouse confirmed that Plaintiff was asserting liability based on "asbestos exposure he experienced while serving in the

---

John Crane, Inc., Johnson Controls, Inc., Lamons Gasket Company, Metropolitan Life Insurance Co., Crown Cork & Seal Co., Inc. Nash Engineering Company, Rockwell Automation, Inc., Ryobi motor Products Corporation, Spirax Sarco Inc., Strahman Valve Corp, Union Carbide Corporation, Velan Valve Corp., ViacomCBS, Inc., Viad Corp, and Warren Pumps, LLC (Doc. 1-1, pp. 1-2).

2

US Navy from 1965 to 1968 as a machinist mate aboard the USS Frank E. Evans DD-754, working in the engine room maintaining various equipment" (Doc. 20-3, p. 1).

On April 23, 2021, Plaintiff served Westinghouse discovery responses (Doc. 20-4; Doc. 34; Doc. 37-2).[3] Westinghouse admits that Plaintiff served his discovery responses on April 23, 2021 but alleges that its attorneys "did not save those responses to its system until April 26, 2021" (Doc. 34, ¶ 4; Doc. 37, p.2). In his discovery responses, Plaintiff confirmed that his asbestos allegations were limited to his employment with the United States Navy, and specifically when he was aboard the U.S.S. Frank E. Evans (DD-764) from August 13, 1965 to December 11, 1968 (Doc. 20-4, pp. 3-4; Doc. 37, pp. 3-4). Plaintiff also provided a description of his duties aboard the U.S.S. Frank E. Evans and the asbestos-containing products he was allegedly exposed to in response to Interrogatory 5:

> (e)  Plaintiff served as a Machinist Mate from about 1964 - 1968. Throughout his time in the Navy, he engaged in installation, removal, and replacement of, and observation of installation, removal and replacement of, original and replacement asbestos-containing products (ACP), including but not limited to asbestos block insulation, preformed asbestos pipe insulation, asbestos jackets, asbestos pads, asbestos cloth, "valve diapers", asbestos insulating cement and asbestos finishing cement), asbestos sheet gasket materials, asbestos ring packing, asbestos rope packing, asbestos sheet packing materials, asbestos electrical wiring wrap, asbestos cable wrap, asbestos paper (flash guards), asbestos cement shields, asbestos arc chutes, asbestos arc quenchers and phenolic asbestos plastic moulding compounds like Bakelite and Micarta. These duties included but were not limited to: removal and replacement of pump and drive casing flange gaskets, pipe and valve flange gaskets, valve stem packing, stuffing box packing; mechanical seals, impeller wearing rings, labyrinth packing and shaft sleeves; observation of and assistance in cleaning, maintenance, removals and repairs of electrical equipment; rewiring, repairing and

---

[3]Plaintiff and Westinghouse both maintain that these discovery responses were served on April 23, 2021 (Doc. 20-4; Doc. 34; Doc. 37, p. 2). Apart from the parties' representations, there is no date or certificate of service on the discovery responses currently in the Court's record. Instead, the only date provided on the responses is a verification signed by Plaintiff and dated April 13, 2021 (Doc. 20-4, p. 22; Doc. 37-2, p. 21).

> cleaning asbestos dust from electric motors, switchgears and switchgear boxes, distribution panels and panel boxes, circuit breakers and circuit breaker boxes, ; cleaning, repairing and replacing arc chutes and arc quenchers; grinding, drilling out, sawing and sanding switchgear boxes insulated with ACP; relining electrical boxes with flash guards; repairing and replacing phenolic asbestos plastic compound insulators; cleaning and removal of asbestos dust and debris from engine rooms and equipment; standing to watch in engine rooms during and following maintenance and repairs involving ACP; and working in and standing to watch in the engine rooms in drydock during rip-outs, renovations and replacements of ACP.
>
> . . .
>
> (g)   Inhaled asbestos particles which contributed to long-term development of asbestosis; burn injury at sea aboard Frank E. Evans in approx. 1967, localized to leg, caused by ruptured line on steam pump; not hospitalized.

(Doc. 20-4, pp. 3-4; Doc. 37, pp. 3-4).

Further, on Plaintiff's Work History Sheet, he supplied that he used the following materials while working on the U.S.S. Frank E. Evans: "Insulation, lagging, gaskets, packing, cement, arc chutes, windings, switchgears, panels, wiring, plug boards, contactors, motors, heaters, valves, pumps, turbines, generators, coolers, tanks, boilers, forced draft blowers, regulators, HVAC, refrigeration, distillers, etc. Investigation and discovery continue." (Doc. 20-4, p. 20; Doc. 37-2, p. 19).

## Discussion

As the removing party, Westinghouse bears the burden of demonstrating removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Removal is proper "if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446." *Id.* Here, the parties only dispute the timeliness of Westinghouse's Notice of Removal (Doc. 20-1, p. 4).

4

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, if the complaint does not reveal the case is removable, "[t]he 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir.2013); 29 U.S.C. § 1446(b)(3); *see also Speedy v. 3M Company*, 2015 WL 2265410, at *2 (S.D. Ill. May 12, 2015). Westinghouse's basis for removal is the federal officer removal statute under which the removing defendant "must show it was a (1) 'person' (2) 'acting under' the United States, its agencies, or its officers (3) that has been sued 'for or relating to any act under color of such office,' and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir.2012) (quoting 28 U.S.C. § 1442(a) and *Mesa v. California*, 489 U.S. 121, 132-34 (1989)).[4] As such, Westinghouse had to remove this case, if at all, within 30 days of the "receipt of a pleading or other paper that affirmatively and unambiguously reveals" the case was removable under the foregoing federal officer removal standard.

Plaintiff contends that service of his Complaint, or in the alternative, his discovery responses, triggered the 30-day removal period, arguing that the pleadings contained sufficient information about Plaintiff's work history, exposure to asbestos, the types of products he was exposed to, and the manufacturer of those products so that

---

[4] Plaintiff does not dispute that the elements of the federal officer removal are satisfied (Doc. 20-1, p. 4).

5

Westinghouse knew that the case was removable. (Doc. 20-1). Westinghouse, however, argues that it could not determine based on Plaintiff's Complaint or interrogatory responses whether Plaintiff was asserting liability based on Plaintiff's exposure to Westinghouse *specific* products (Doc. 37). In this regard, Westinghouse asserts that it did not learn of Plaintiff's specific allegations relating to the Westinghouse's products present on the U.S.S. Frank E. Evans until Plaintiff's deposition, which was taken on April 28, 2021 (Doc. 37). Westinghouse filed its Notice of Removal on May 28, 2021 (Doc. 1).

Unfortunately for Westinghouse, the removal statute only requires a defendant to have a "reasonable certainty of federal jurisdiction, not an absolute certainty." *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at *6 (S.D. Ill. June 30, 2006); *see Betzner v. Boeing Co.*, 910 F.3d 1010, 1014-1016 (7th Cir. 2018) (Notice of removal need only contain "a short and plain statement of the grounds of removal" and the allegations supporting removal need only be plausible on their face). Accordingly, the 30-day removal period is triggered when removal becomes "ascertainable," not when it becomes "uncontestable." *Addison v. CBS Corp.*, 2013 WL 6169155, at *3 (S.D. Ill. 2013) (Nov. 25, 2013); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at *3 (S.D. Ill. 2006); *Brown v. Amchem Products, Inc.*, 2020 WL 1150223, at * 5 (S.D.N.Y. Mar. 10, 2020) (collecting cases).

Numerous courts have found that once a Plaintiff identifies specific worksite locations, time periods, and asbestos-containing products allegedly manufactured by defendant companies, nothing further is necessary to ascertain removability under the federal officer removal statute. *See*, e.g., *Speedy,* 2015 WL 2265410, at *3 (Finding that plaintiffs' interrogatory answers specifying specific worksites and asbestos-containing

products supplied the "nexus" between asbestos claims and defendant's alleged actions from which it could conclude the case was removable under the federal officer removal statute); *Addison*, 2013 WL 6169155, at *2-*3 (citing cases) (Finding Plaintiff's complaint and interrogatory responses alleging asbestos exposure to his contact with military equipment produced by defendant during his service in the Air Force provided sufficient notice for defendant to ascertain removability); *Hilbert v. McDonnel Douglas Corp.*, 529 F.Supp.2d 187, 195 (D. Mass. 2008) (30-day removal window started once plaintiff detailed the particular aircraft he worked on and the manufacturer allegedly responsible for making the asbestos-containing brakes for each aircraft because the document allowed defendants to reasonably identify which government contracts were at issue); *Beamis v. Buffalo Pumps, Inc.*, 2009 WL 462543, at *3 (D.R.I. Feb. 23, 2009) ("Plaintiff must provide sufficiently specific facts or allegations to allow the defendant reasonably to identify the contracts through which the federal officer defense is being asserted.") (internal markings omitted).

Further, defendants may not ignore facts that are readily known to it, such as the brands they control and the items they manufacture. *See, e.g., Domenic Pezzo v. Air & Liquid Systems, Corp.*, 2021 WL 2852036, at *2 (S.D.N.Y. Jul. 8, 2021) (A defendant "is presumed to be familiar with its own business and to understand the case materials in light of that familiarity); *Levy v. A.O. Smith Water Products Co.*, 2012 WL 2878140 at *3 (S.D.N.Y. Jul. 13, 2012) (Noting that defendant did not require any information from plaintiff to know that it had been acting under the direction of the Navy in designing, manufacturing, and selling products to the Navy); *Dilks v. 4520 Corp., Inc.*, 2012 WL

7

6625867, at *4 n.12 (D. Md. Dec. 18, 2012) ("an asbestos plaintiff is not expected to know and disclose minute details of exposure that occurred decades earlier").

Here, after Westinghouse was served with the Plaintiff's complaint on February 22, 2021, and certainly after Plaintiff served his interrogatory responses on April 23, 2021, nothing further was necessary to ascertain or assess removability of the claim against Westinghouse. In his Complaint, Plaintiff specifically alleged exposure from his time aboard the "U.S.S. Frank E. Evans from 1965 to 1968" while "working in the engine room and maintaining, cleaning, and operating engine equipment", and from "asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by" Westinghouse (Doc. 1-1, pp. 1-2, ¶¶ 2-3). Plaintiff then expounded on this exposure in his discovery responses by specifically identifying exposure from certain asbestos-containing products and materials (Doc. 20-4, pp. 3-4; Doc. 37, pp. 3-4, 19) which Westinghouse acknowledges it designed, manufactured, supplied, or installed aboard the U.S.S. Frank E. Evans prior to 1945 (Doc. 1, ¶¶ 6-8). These allegations provided Westinghouse with sufficient information from which it could have concluded that Plaintiff's allegations arose while Westinghouse was acting under the direction of the United States Navy so to ascertain removability.

Westinghouse's decision to wait until after Plaintiff confirmed his alleged exposure to Westinghouse's specific products and materials at his deposition does not excuse Westinghouse's delay in removing this action when Plaintiff's prior disclosures represented that Plaintiff was exposed to products installed aboard the U.S.S. Frank E. Evans. *See McCoy by Webb v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002)

8

("[A] defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.'"). Because Westinghouse removed the case more than 30 days after the discovery responses were served, the removal was untimely under 28 U.S.C. § 1446(b)(3), and this case must be remanded.

### Disposition

Accordingly, the Court **GRANTS** the Motion to Remand (Doc. 20). It is **ORDERED** that this action, pursuant to 28 U.S.C. § 1447(c), be **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

Defendant did not lack an objectively reasonable basis for seeking removal, so no fees or costs are awarded. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court, and thereafter to **CLOSE** this case.

All pending motions are **DENIED as MOOT**, and all deadlines and hearings are **CANCELLED**.

**SO ORDERED.**

Dated: August 3, 2021

_____
DAVID W. DUGAN
United States District Judge